**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT JAY AVILLA,<br><br>　　　　　　　　　　Defendant. | Case No. 19-cr-00171-BAS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 54)** |

On October 21, 2019, this Court sentenced Defendant to seventy-eight months in custody following his conviction for possession of child pornography. (ECF No. 46.) Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release. (ECF No. 54 ("Motion")). The Government opposes (ECF No. 61 ("Opposition")), and Defendant replies (ECF No. 64 ("Reply")). For the reasons stated below, the Court **DENIES** the Motion.

**I.　　BACKGROUND**

Defendant used peer-to-peer file sharing to obtain files of child pornography. (Presentence Report, ECF No. 35 ("PSR") ¶¶ 3–20.)  The pornography included prepubescent minors as well as depictions of sadistic conduct with these minors. (*Id*.) Defendant pled guilty to receiving images of minors engaged in sexually explicit conduct

1  in violation of 18 U.S.C. § 2252(a)(2). (ECF Nos. 24, 29.) The Court sentenced him to 78
2  months in custody of which he has served approximately 21 months. (ECF No. 46.)

3  Defendant now moves for compassionate release pursuant to 18 U.S.C.
4  § 3582(c)(1)(A)(i)—largely because he claims his mental health conditions are not being
5  adequately treated in custody. (Motion.) Defendant, who is now 66 years old, also argues
6  that he qualifies for compassionate release because he suffers from memory problems,
7  cerebrovascular disease, high blood pressure, high cholesterol, obesity, vertigo, ear
8  infections, scabies, severe finger injury, back pain and scoliosis, shoulder pain, an infected
9  testicle and a urinary tract infection. (*Id.*) Although the Government addresses the
10 COVID-19 situation at Lompoc, where Defendant is being held, Defendant maintains that
11 he is not seeking compassionate release because of the COVID epidemic. (Reply.) Instead,
12 his request is largely based on the lack of care for his mental health conditions.

13 Just prior to his incarceration, Defendant reports he was taking psychotropic
14 medications to treat his schizoaffective disorder with auditory hallucinations. (Motion,
15 Exh. C, at 39–40.) Once he was transferred to Lompoc, he was referred to telepsychiatry.
16 (Motion, Exh. A, at 26.) According to the medical records submitted, Defendant had a
17 telepsychiatry appointment approximately two weeks after his arrival at Lompoc. (*Id.*)
18 Because he reported no significant symptoms, nor were any observed, the doctor prescribed
19 no medications. (*Id.*) He was seen again a month later for a follow-up, and the doctor
20 concluded there was no immediate need for mental health interventions and that Defendant
21 demonstrates the ability to seek help when necessary. (Motion, Exh. C, at 21–23.)

22 This proved to be true, as eight months later on September 18, 2020, Defendant
23 sought help from a BOP psychologist and reported he was "not doing well." (Motion, Exh.
24 C, at 28–29.) Within two weeks, he again had an appointment with a telepsychiatrist who
25 prescribed Remeron and Abilify for his concerns. (Motion Exh. A, at 22, 238–39, Exh. C,
26 at 9–23.) When Defendant complained that the medication caused him unpleasant side
27 effects, one month later, on October 27, 2020, the psychiatrist reduced the dose, which
28 appeared to work. (Motion, Exh. A, at 6–8.) By January 2021, Defendant reported he was

1  "feeling better." (Motion, Exh. A, at 6–9.)  Defendant appears to now be getting ongoing
2  medical care for his psychiatric problems.  (Motion, Exh. B, at 13–16, Exh. C, at 1–16.)

3  Defendant argues that he is suffering from memory problems and needs
4  neurocognitive testing.  (Motion.)  He also expresses concerns about a wide variety of
5  medical conditions, which, in combination, he says warrant his compassionate release.
6  (*Id.*)

7  Defendant attaches a request for compassionate release dated July 16, 2020, and
8  stamped "rec'd" by the Bureau of Prisons ("BOP").  (Motion, Exh. H.)  There is no
9  indication whether Defendant received any response to his request from the facility where
10 he is being housed.

11 **II.   ANALYSIS**

12    **A.   Exhaustion of Administrative Remedies**

13  A district court generally "may not modify a term of imprisonment once it has been
14  imposed."  18 U.S.C. § 3582(c); *see also Dillon v. United States,* 560 U.S. 817, 825–26
15  (2010).  A narrow exception, compassionate release, allows a court to reduce a sentence
16  for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).

17  However, a court may only consider a defendant's motion for compassionate release
18  "after the defendant has fully exhausted all administrative rights to appeal a failure of the
19  [BOP] to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt
20  of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

21  "Requiring inmates to exhaust their administrative remedies before seeking court
22  intervention serves several purposes.  First, it protects administrative agency authority by
23  guaranteeing agencies the 'opportunity to correct [their] own mistakes.'"  *United States v.*
24  *Ng Lap Seng*, 459 F. Supp. 3d 527, 532 (S.D.N.Y. 2020) (quoting *Woodford v. Ngo*, 548
25  U.S. 81, 89 (2006)), *reconsidered on other grounds*, 2021 WL 961749 (S.D.N.Y Mar. 15,
26  2021).  "Second, it promotes efficiency, since claims 'generally can be resolved much more
27  quickly and economically in proceedings before an agency than in litigation in federal

court.'" *Id.* Finally, it ensures an orderly processing of applications for early release. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The requirement that a defendant exhaust his administrative remedies is a mandatory claim-processing rule and not a jurisdictional bar. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (per curiam). Thus, the rule is "mandatory in the sense that a court must enforce the rule if a party properly raise[s] it, but the objection may be forfeited if the party asserting the rule waits too long to raise the point." *Id.* (internal quotation marks omitted) (quoting *Fort Bend Co. v. Davis*, 139 S. Ct. 1843, 1849 (2019)). If the rule is not properly invoked, it may be waived. *Id.*

Although defendant attaches a request for compassionate release stamped "received" by the BOP, he fails to state whether any response was received to this request. Hence, he fails to demonstrate that he has exhausted his administrative remedies. However, the Government fails to address the issue.[1] Thus, the issue is waived, and the Court addresses the substantive issues raised by the Motion.

**B.    Extraordinary and Compelling Reasons**

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Unfortunately, Congress provided no statutory definition of "extraordinary and compelling reasons" and instead delegated that responsibility to the U.S. Sentencing Commission. *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021). Due to vacancies in the Sentencing Commission, the Commission has been unable to update its

---

[1] In fact, the majority of the Government's Response addresses threats from COVID-19, an issue that is not placed in issue by Defendant's Motion.

definition of "extraordinary and compelling reasons" following passage of the First Step Act that amended § 3582(c)(1)(A). *Id.* at 800 n.1. Nonetheless, the Sentencing Commission's original policy statements, although not binding, may inform the district court's decision as to whether certain conditions are extraordinary and compelling. *Id.* at 802.

In the Application Notes, the Sentencing Commission gives examples of extraordinary and compelling reasons, including that the defendant is:

(I)   suffering from a serious physical or medical condition;

(II)  suffering from a serious functional or cognitive impairment; or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13(1)(A)(ii), Application Note 1(A)(ii).

Although Mr. Avilla has many varied physical and medical conditions, and suffers from mental health issues, his condition fails to rise to the level of "extraordinary and compelling reasons" justifying his release. He is currently receiving mental health treatment, and, when he has sought such treatment, it has been provided. Similarly, he has received medical treatment for the various problems he has listed. The only exception are issues that are listed by his girlfriend, but do not appear to have been communicated to the BOP. (*See* Motion, Exh. E) (referencing dangerous polyps on defendant's colon and cancerous spots on his lungs).) Her statements are insufficient evidence to support his claim that he is suffering from conditions that are extraordinary and compelling. Nor is his claim of cognitive decline sufficient at this point to justify release. Hence, Defendant has failed to meet his burden of showing extraordinary and compelling reasons for his release.

//
//

### III.   CONCLUSION

Defendant's Motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 54) is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 28, 2021

Hon. Cynthia Bashant
United States District Judge